**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Smith, | No. CV-26-01515-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Office of Administrative Hearings, et al., | |
| Respondents. | |

Plaintiff, who is proceeding *pro se*, is the mother of A.M., a minor child with a disability. (Doc. 1-3 at 3.)  On an unspecified date, Plaintiff filed an amended due process complaint with the Arizona Office of Administrative Hearings ("OAH") alleging that the Dysart Unified School District No. 89 ("Dysart") "improperly changed the child's educational placement, violated stay-put protections, relied on discriminatory placement criteria, and failed to comply with IDEA [Individuals with Disabilities Education Act] procedural requirements." (*Id.* at 8.)

On December 9, 2025, an administrative law judge ("ALJ") issued a final decision. (*Id.* at 13.)

On December 11, 2025, Plaintiff filed a complaint in Maricopa County Superior Court seeking judicial review of the ALJ's decision. (*Id.* at 7-9 [complaint]; 27 [minute entry].)  The sole defendant named in the complaint was the OAH. (*Id.* at 7.)

On January 22, 2026, Plaintiff filed an amended complaint in Maricopa County Superior Court. (*Id.* at 2-5.)  The amended complaint adds Dysart as an additional

defendant. (*Id.* at 2.)

On February 17, 2026, Dysart received the amended complaint. (Doc. 1 at 1.)

On March 4, 2026, Dysart filed a notice of removal, alleging that the Court possesses subject-matter jurisdiction because the amended complaint asserts a federal claim arising under the IDEA. (Doc. 1.) That same day, the Court issued a "Notice to Self-Represented Litigant." (Doc. 3.) Among other things, this notice advised Plaintiff that "[i]f you DO NOT respond to a motion within the requirements of the local Rules, the Court may assume consent to the denial or granting of the motion and may dispose of the motion summarily under Local Rule of Civil Procedure 7.2(i)." (*Id.* at 6.)

Now pending before the Court are three motions filed post-removal. First, Plaintiff has filed an amended motion to remand. (Doc. 6.) Plaintiff contends that under the IDEA, "a party aggrieved by the findings and decision of an administrative hearing officer has the right to bring a civil action in either state court or federal district court. Plaintiff elected to file the appeal in Arizona state court, which is expressly permitted under the statute." (Doc. 6 at 2.) Plaintiff contends that Dysart's removal effort should be rejected because her "choice of state court forum should be respected," "[t]he case was properly filed in state court before Defendant removed the matter to federal court," and "[b]ecause the state court had already exercised jurisdiction and established deadlines and procedural orders, remanding the matter would promote judicial economy and allow the case to proceed in the forum where it was originally filed." (*Id.* at 3.) In response, Dysart argues that "[g]iven that this action arises under the IDEA, federal question jurisdiction is present" and "[n]othing in the IDEA prohibits a defendant from removing such an action. In fact, the statute explicitly grants federal courts jurisdiction in these actions." (Doc. 7 at 3.) The deadline to file a reply has now expired and Plaintiff did not file a reply.

Plaintiff's amended motion to remand is denied for the reasons identified by Dysart. Plaintiff has asserted a claim under the IDEA. Although Plaintiff had the statutory right to initially pursue that claim in state court, 20 U.S.C. 1415(i)(2)(A), it was also permissible for Dysart to subsequently remove this action to federal court. *See, e.g., Pedraza v.*

- 2 -

*Alameda Unified School Dist.*, 2011 WL 4507111, *9 (N.D. Cal. 2011) ("Ms. Pedraza's primary argument is that the District's removal of case number C 07–59893 obstructed her right to the procedural guarantees of 20 U.S.C. § 1415(i)(2)(A), which provides that an aggrieved party may bring a civil action in state court or federal district court.  Ms. Pedraza's arguments . . . are without merit.  Case number C–07–5989 was an appeal of the due process hearing decision issued by OAH.  The case was correctly removed pursuant to 28 U.S.C. § 1441(b), which provides that any action over which district courts have original jurisdiction based on a claim or right arising under the Constitution, treaties or laws of the United States may be removed from state court.  As indicated in 20 U.S.C. § 1415(i)(2)(A), a district court, as well as a state court, has jurisdiction to hear appeals of state agencies' decisions after hearings under the IDEA.  Because this Court has original jurisdiction over Ms. Pedraza's appeal of the OAH decision, removal was proper.") (citations omitted); *Moorestown Township Bd. of Educ. v. S.D. on behalf of M.D.*, 2010 WL 11692501, *1-2 (D.N.J. 2010) (same); *Ector Cnty. Independent Sch Dist. v. VB bnf MB*, 2007 WL 9653135, *2 (W.D. Tex. 2007) ("Since the statute provides for original jurisdiction, an action brought under § 1415(i)(2)(A), such as this one, may be removed to a federal court in accordance with 28 U.S.C. § 1441(a).").  Also, Dysart has otherwise complied with the requirements for removal.

The next pending motion is Dysart's motion to dismiss.  (Doc. 5.)  Among other things, Dysart argues that the amended complaint should be dismissed because it is untimely and because it "does not outline any alleged wrongful conduct by the District or OAH" and "offers absolutely no allegations or evidence."  (*Id.* at 6-8.)

Under LRCiv 7.2(c), Plaintiff's response to the motion to dismiss was due by March 23, 2026.  That deadline has now expired and Plaintiff has not filed a response.  As Plaintiff was previously advised, the Court could summarily grant Dysart's motion due to her failure to file a response.  *See* LRCiv 7.2(i) ("[I]f the unrepresented party . . . does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.").

- 3 -

*See also Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08 (9th Cir. 2008) ("The court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond. Local Rule 7.2(i) of the Rules of Practice of the United States District Court for the District of Arizona authorizes a court to dispose summarily of a motion, if the non-moving party fails to serve and file the required answering memorandum.").

However, before dismissing on this basis, "the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Plaintiff's response was due one week ago, so the public's interest in expeditious resolution of litigation has not been seriously injured, there is little to no risk of prejudice to the defendants, and the Court's docket can weather a brief delay. In light of the public policy favoring disposition of cases on their merits, the Court will not dismiss at this juncture and will, as a one-time courtesy, *sua sponte* extend the response deadline. As a less drastic sanction, the Court warns Plaintiff that any future failure to adhere to deadlines may result in dismissal.

The final pending motion is Dysart's motion to seal. (Doc. 4.) Dysart contends that because it must, under 20 U.S.C. § 1415(i)(2)(C), submit the complete administrative record to this Court, and portions of the administrative record "contain confidential information pertaining to the Plaintiff's child's education records, including the student's Individualized Education Programs," it should be allowed to file the administrative record under seal. (*Id.*) This request is granted. *Cf. J.C. by and through M.C. v. School Bd. of St. Johns County, Fla.*, 2015 WL 13735451, *1 (M.D. Fla. 2015) ("[G]ood cause exists to seal the administrative record because redaction of all identifying and private information of J.C. and M.C. would be unduly burdensome, and because the record consists largely of an allegedly disabled minor's educational records which are confidential under IDEA.").

…

- 4 -

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's amended motion to remand (Doc. 6) is **denied**.

2. Dysart's motion to seal (Doc. 4) is **granted**. Dysart shall file the administrative record under seal.

3. The deadline for Plaintiff to respond to Dysart's motion to dismiss (Doc. 5) is **extended** to April 13, 2026. Plaintiff is once again warned that failure to respond may result in the motion being summarily granted.

Dated this 30th day of March, 2026.

_____
Dominic W. Lanza
United States District Judge